UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGINIA RUSHLOW,

        Plaintiff,

v.                                                   CASE NO. 06-11223
                                                    HON. LAWRENCE P. ZATKOFF

J.C. PENNEY CORPORATION,
a Delaware corporation,

        Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 20, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court upon Defendant's Motion for Summary Judgment. Plaintiff filed her response on February 9, 2007. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's motion will be GRANTED.

## II. BACKGROUND

This is a trip and fall case in which Plaintiff, an 82-year-old woman, tripped and fell while shopping in Defendant's store. On May 14, 2005, Plaintiff was shopping in Defendant's store with

her daughter and son-in-law. *See* Pl.'s Dep. at 25-30. While Plaintiff's daughter was looking at clothes in the women's department, Plaintiff was in the jewelry department looking for a chain for her other daughter's husband. *See id.* at 31-32. Having not found what she was looking for, Plaintiff decided to sit down and rest. *See id.* at 31. Before she sat down, however, Plaintiff wanted to let her daughter know where she would be and began to walk to the women's department along the tile pathway that divides the departments and sections within each department. *See id*. at 31. Plaintiff proceeded to walk from the jewelry department to the women's department without incident.

When she found her daughter, Plaintiff stepped from the tile pathway onto the carpeted shopping area where her daughter was looking at clothes. *See id.* at 44. To do so, Plaintiff had to step over a metal seam that separated the tile from the carpet. *See id.* The seam, which Plaintiff states was approximately one-quarter inch high, *see id.* at 51, held the carpet down to prevent it from rising above the level of the tile and creating a trip-hazard. The seam was a metallic silver color. *See* Def.'s Ex. B. In contrast, the tile was off-white and the carpet was a dark gray. *See id.* Plaintiff then stepped over the seam, took two steps onto the carpet, and told her daughter that she was going to sit down. *See* Pl.'s Dep. at 43-44. As Plaintiff turned to walk over to the seating area, she caught her right heel on the metal seam, which caused her to stumble and fall onto the tile. *See id.* at 48-49. Plaintiff was wearing white summer shoes at the time, which had a low heel. *See id.* at 81. As a result of the fall, Plaintiff fractured her hip and sustained other injuries.

Plaintiff has stated that she never payed attention to the seam while she was walking in Defendant's store and had been there several times without incident. *See id.* at 29-30, 101. However, Plaintiff admits that had she been paying attention she would have seen the metal seam. *See id.* at 58. Furthermore, Plaintiff has since been able to observe the seam on which she tripped and has

stated that it is readily observable. *See id.* at 59. Plaintiff has no recollection as to the lighting in the store at the time of her fall. *See id.* at 74-75.

## III. LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PRO. 56(c); *accord Turner v. City of Taylor*, 412 F.3d 629, 637 (6th Cir. 2005); *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). *See Leadbetter v. Gilley*, 385 F.3d 683, 689-90 (6th Cir. 2004); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249 (citations omitted). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

## IV. ANALYSIS

This is a premises liability action between diverse parties. Generally, a federal court sitting in diversity applies the substantive law of the forum state. *See City of Wyandotte v. Consolidated Rail Corp.*, 262 F.3d 581 (6th Cir. 2001). Accordingly, Michigan premises liability law applies in

this case. In order to establish a claim for premises liability based on negligence, a plaintiff must prove: (1) the defendant owed her a legal duty; (2) the defendant breached that duty; (3) the breach was the cause of injuries suffered; and (4) damages. *See Schultz v. Consumer Power Co.*, 443 Mich. 445, 449 (1993). The existence of a duty is a threshold issue that must be determined before analyzing the other elements of a negligence claim. *See Helmus v. Michigan Dept. of Transp.*, 238 Mich.App. 250, 253 (1999). Defendant argues that it did not owe Plaintiff a duty in this case because the alleged hazard was open and obvious, and thus, outside the scope of a premises possessor's duty of care. Plaintiff contends that the hazard was not open and obvious, and that Defendant did have a duty in the present case.

**A. Michigan's Open and Obvious Danger Doctrine**

Under Michigan law, possessors and occupiers of land owe invitees a duty to exercise reasonable care in order to protect the invitees from unreasonable risks created by dangerous conditions on the land. *See Lugo v. Ameritech Corp., Inc.*, 464 Mich. 512, 516 (2001). However, the scope of the general duty has been limited by overriding public policy. *See Bertrand v. Alan Ford, Inc.*, 449 Mich. 606, 614 (1995) (recognizing overriding policy of encouraging people to take care for their own safety). "[E]ven though invitors have a duty to exercise reasonable care in protecting their invitees, they are not absolute insurers of the safety of their invitees." *Id.* Thus, the general duty does not extend to situations where a danger is open and obvious. *See Lugo*, 464 Mich. at 516.

> [T]he general rule is that a premises possessor is not required to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk.

*Id.* at 517. This rule applies to all claims where an injury could have been avoided had an open and obvious danger been observed, regardless of the theory of liability. *See Millikin v. Walton Manor*

*Mobile Home Park, Inc.*, 234 Mich.App. 490, 497 (1999).

A danger is open and obvious when it is reasonable to expect an average person of ordinary intelligence to discover the danger upon a casual inspection. *See Kenny v. Katz Funeral Home, Inc.*, 472 Mich. 929 (2005). This is an objective test and the court "look[s] not to whether a particular plaintiff should have known that the condition was hazardous, but to whether a reasonable person in his position would foresee the danger." *Id.* In other words, what matters is the condition of the premises, not the condition of the plaintiff. *See Mann v. Shusteric Enterprises, Inc.*, 470 Mich. 320, 328 (2004). Thus, where "there is no indication from the record that the [danger] was not in plain view or that, upon casual inspection, an ordinary user could not ascertain the nature of the [condition]," summary [judgment] is appropriate. *Novotney v. Burger King Corp.*, 198 Mich.App. 470, 476 (1993).

In *Lugo*, the Michigan Supreme Court clarified the application of the open and obvious danger doctrine. *See Lugo*, 464 Mich. 512. There, the plaintiff was walking through a parking lot when she stepped in a pot hole and fell. *See id.* at 514. The plaintiff testified at her deposition that she was not watching where she was walking and that nothing would have prevented her from seeing the pothole. *See id.* at 514-15. The court found that the plaintiff fell because she simply failed to notice the pothole, which, as an everyday occurrence, should have been observed by a reasonably prudent person. *See id.* at 522-23. Under these circumstances, the court held that the pothole was open and obvious and could not give rise to a premises liability action. *See id.*

The following Michigan Court of Appeals decision, quoted in its entirety, further illustrates the application of this doctrine:

> Defendants appeal from the circuit court's opinion and order denying their motion
> for summary disposition pursuant to MCR 2.116(C)(10). We reverse. This appeal is

> being decided without oral argument pursuant to MCR 7.214(E).
>
> Plaintiffs sued defendants for injuries sustained by plaintiff Mary Gaye Carly when she tripped and fell on a slight rise between the concrete slabs of defendants' residential driveway. The evidence presented showed that defendants' driveway was a completely ordinary driveway made out of concrete slabs with the typical spaces and slight differences in elevation between slabs. There was no evidence that the unevenness of the slabs was hidden or concealed. Plaintiff admitted in her testimony that she was aware that concrete slabs were frequently uneven and that she could have noticed the gap and avoided tripping had she looked at it. There was no genuine issue of material fact that the condition of the driveway was open and obvious and created a risk of harm solely because plaintiff did not discover the condition and realize its danger when she should have. Defendants are entitled to summary disposition pursuant to MCR 2.116(C)(10).
>
> Reversed.

*Carly v. Boaks*, 2001WL 1353705 (Mich.App. 2001) (citations omitted).

**B. Application to the Present Case**

In support of its motion, Defendant relies on Plaintiff's deposition testimony and pictures of the accident scene. In her deposition, Plaintiff admitted that she was not paying attention to the floor while she was walking. However, Plaintiff clearly acknowledged that had she been paying attention, she would have seen the metal seam separating the tile pathway and the carpeted shopping areas. What is more, Plaintiff has admitted that the metal seam on which she tripped is easily observable. When asked whether she had been able to observe the seam any time after her accident, Plaintiff answered affirmatively, adding "it's easy ... [v]ery easy." Pl.'s Dep. at 59.

Moreover, Defendant's evidence demonstrates that the metal seam was clearly distinguishable from the pathway and the carpeted area: the tile was an off-white color, the carpet was dark gray, and the seam was a metallic silver color. Additionally, there was nothing concealing or covering the metal seam that would have prevented Plaintiff from seeing it. Finally, the seam ran along the entire length of the carpeted areas in Defendant's store and is commonly used to hold

carpeting down to prevent tripping hazards. As such, the metal seam is an everyday occurrence that a reasonable person would have expected to encounter while shopping in a store like Defendant's in this case. *See Lugo*, 464 Mich. at 523 (stating "potholes in pavement are an 'everyday occurrenc' that ordinarily should be observed by a reasonably prudent person."); *Bertrand*, 449 Mich. at 616-17 ("[B]ecause steps are the type of everyday occurrence that people encounter, under most circumstances, a reasonably prudent person will look where he is going, will observe the steps, and will take appropriate care for his own safety."). This evidence leads to the conclusion that an ordinary person of average intelligence would have been able to observe the raised metal seam if they had been paying attention, and avoid tripping.

In contrast to Defendant's showing, Plaintiff has not presented any evidence that raises a genuine issue of material fact as to whether the metal seam was open and obvious. Plaintiff has not presented any evidence tending to show that the metal seam was hidden or concealed in any way or that it could not have been discovered by an ordinary person of average intelligence. Specifically, Plaintiff has no recollection as to the lighting in the area at the time of her fall, nor has she presented any other evidence on this issue. Further, Plaintiff has not presented any evidence that the seam was in any way out of the ordinary. Instead, Plaintiff rests on the pleadings and her deposition testimony, which she characterizes as equivocal. This reveals two shortcomings in Plaintiff's claim.

First, Plaintiff's argument that her equivocation as to whether she could have seen the seam had she been paying attention raises a genuine issue of material fact regarding the open and obviousness of the seam misunderstands the application of the open and obvious danger doctrine. The doctrine focuses not on the particular plaintiff or what a particular plaintiff actually observed, but on the objective nature of the alleged hazard. *See Lugo*, 464 Mich. at 523. Thus, Plaintiff's

7

equivocation, if it can be called that, is irrelevant insofar as the objective characteristics of the alleged hazard indicate that an ordinary person could have observed it. Second, and more importantly, Plaintiff has not come forward with any evidence of the objective characteristics of the metal seam to rebut Defendant's showing that the seam was open and obvious. Therefore, she has failed to meet her burden under FED. R. CIV. P. 56(e). Consequently, there is no genuine issue of material fact that the alleged hazard was open and obvious and, therefore, Defendant did not have a duty to protect Plaintiff from tripping on the seam. As a result, Plaintiff cannot maintain her claim for premises liability and Defendant is entitled to summary judgment.

## V.  CONCLUSION

Based on the evidence presented, there is no genuine issue of fact that the hazard in the present case could have been discovered by an ordinary person of average intelligence upon a casual inspection. Accordingly, the hazard was open and obvious, and Defendant did not owe Plaintiff a duty to protect her from the open and obvious danger. Therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

                s/Lawrence P. Zatkoff
                LAWRENCE P. ZATKOFF
                UNITED STATES DISTRICT JUDGE

Dated:  February 20, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 20, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

9